UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
TRUSTEES of the LOCAL 1034 PENSION TRUST   :
FUND,   :
  :
                            Plaintiffs,   :          No.: _____
  :
              - against -   :
  :
G AND B LIMOUSINES, INC.; GUY JOSEPH   :
FARESE.; XYZ CORPORATIONS 1-10; and JOHN   :
AND JANE DOES 1-10,   :
  :
                      Defendants.   :
  :
--------------------------------------------------------------------X

## COMPLAINT

Plaintiffs, the Trustees (the "Trustees") of the Local 1034 Pension Trust Fund (the "Fund"), by and through their undersigned counsel, bring this action against Defendants G and B Limousines, Inc. ("G&B"), Guy Joseph Farese ("Farese"), fictitious entities XYZ Corporations 1-10, and fictitious individuals John and Jane Does 1-10, and allege as follows:

## I.   INTRODUCTION

1.     This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to recover statutorily prescribed withdrawal liability arising out of the cessation of G&B's obligation to contribute to the Fund as of April 1, 2017.

2.     Pursuant to ERISA § 4301, 29 U.S.C. § 1451, the Trustees, on behalf of the Fund, seek to recover G&B's allocated share of the Fund's unfunded vested benefits, liquidated damages, interest, and attorneys' fees and costs.

## II.     JURISDICTION AND VENUE

3.      This Court has personal jurisdiction over the Defendants because G&B, Farese, and, upon information and belief, XYZ Corporations 1-10 and John and Jane Does 1-10 reside and do business in the State of New York.

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Fund who seek relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

5.      Venue is proper in the Eastern District of New York pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Fund is administered in this District.

## III.    PARTIES

6.      The Fund is an employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1), and a multi-employer plan within the meaning of ERISA §§ 3(37) and 515, 29 U.S.C. §§ 1002(37) and 1145.  The Fund is administered from 45-18 Court Square, Suite 600, Long Island City, New York 11101-4347.

7.      Plaintiffs are the Trustees of the Fund, and bring this action in their capacities as fiduciaries pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

8.      Defendant G&B is a for-profit domestic corporation having its principal place of business at 1153 Patricia Avenue, West Islip, New York 11795 (the "Property").

9.      Defendant Farese is the sole owner of G&B and the Property.

10.     Defendants XYZ Corporations 1-10 are fictitious entities whose identities are not currently known to the Plaintiffs, but who, upon information and belief, were trades or businesses under common control with G&B within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

11.     Defendants John and Jane Does 1-10 are fictitious individuals whose identities are not currently known to the Plaintiffs, but who, upon information and belief, were sole proprietorships under common control with G&B within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

## COUNT I

### Withdrawal Liability Owed by G&B to the Fund
### Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

12.     Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

13.     G&B was party to a collective bargaining agreement (the "CBA") with the International Brotherhood of Teamsters, Local Union No. 813 (the "Union"), with respect to which the Fund is a third-party beneficiary.  Pursuant to the CBA, G&B was required to remit contributions to the Fund on behalf of those employees covered by the CBA.

14.     By letter dated May 25, 2017, G&B informed the Union that it was terminating the CBA effective April 1, 2017, thereby effecting a complete withdrawal from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a).

15.     In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated June 16, 2017, a true and correct copy of which is attached as **Exhibit A**, the Fund notified G&B that its allocated share of the unfunded vested liabilities of the Fund was $49,543, which amount was payable in 240 monthly installments of $261 commencing on or before August 16, 2017.

16.     After having not received the demanded payment, in accordance with ERISA § 4219(c)(2) to (5), 29 U.S.C. § 1399(c)(2) to (5), by certified letter dated August 22, 2017, a true and correct copy of which is attached as **Exhibit B**, the Fund notified G&B that it was in

default of its obligation to pay withdrawal liability, and offered it an opportunity to cure the default within 60 days.

17.     After having not received a response, in accordance with ERISA § 4219(c)(5) and (c)(6), 29 U.S.C. § 1399(c)(5) and (c)(6), by certified letter dated October 27, 2017, a true and correct copy of which is attached as **Exhibit C**, the Fund notified G&B that it remained in default of its withdrawal liability, and that the Fund had elected to accelerate G&B's withdrawal liability and to assess interest on the total outstanding liability. The Fund demanded immediate payment of $50,214.88, which amount included $49,543 in withdrawal liability and $671.88 in accrued interest.

18.     More than 60 days have elapsed since G&B's receipt of the notice of default, and it has failed to remit the withdrawal liability assessed by the Fund or to initiate arbitration pursuant to ERISA § 4221(a), 29 U.S.C. § 1401(a).

19.     Because G&B has failed to initiate arbitration proceedings in accordance with the statute, pursuant to ERISA § 4221(b)(1), 29 U.S.C. § 1401(b)(1), it is liable to pay the accelerated amount of its withdrawal liability.

20.     Plaintiffs demand judgment against G&B for $49,543 for its allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

### COUNT II

**Controlled Group Liability Owed by Farese**
**Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)**

21.     Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

22.     As of April 1, 2017, G&B's principal place of business was the Property.

23.     As of April 1, 2017, Farese was the sole owner of G&B and the Property.

24.     As of April 1, 2017, Farese owned and operated a sole proprietorship trade or business under common control with G&B within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), and therefore, G&B and Farese constitute a single employer for purposes of withdrawal liability.

25.     As such, Farese is jointly and severally liable with G&B for the withdrawal liability resulting from G&B's complete withdrawal from the Fund.

26.     Plaintiffs demand judgment against Farese for $49,543 for G&B's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

## COUNT III

### Controlled Group Liability Owed by XYZ Corporations 1-10 to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

27.     Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

28.     As of April 1, 2017, fictitious entities XYZ Corporations 1-10 were trades or businesses under common control with G&B within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

29.     As such, XYZ Corporations 1-10 are jointly and severally liable with G&B for the withdrawal liability resulting from G&B's complete withdrawal from the Fund.

30.     Plaintiffs demand judgment against XYZ Corporations 1-10 for $49,543 for G&B's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

## COUNT IV

### Controlled Group Liability Owed by John and Jane Does 1-10 to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

31.      Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

32.      As of April 1, 2017, fictitious individuals John and Jane Does 1-10 were sole proprietorships under common control with G&B within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

33.      As such, John and Jane Does 1-10 are jointly and severally liable with G&B for the withdrawal liability resulting from G&B's complete withdrawal from the Fund.

34.      Plaintiffs demand judgment against John and Jane Does 1-10 for $49,543 for G&B's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.


Dated:   December 13, 2017
         Newark, New Jersey

**PROSKAUER ROSE LLP**

By:      */s/ Neil V. Shah*
         _____
         Neil V. Shah

One Newark Center
1085 Raymond Boulevard
Newark, New Jersey 07102
(973) 274-3205
nshah@proskauer.com

*Counsel for the Plaintiffs*